**No. 60612.**—A–1 Blind Products and Florida Matchstick & Bamboo Co. *v.* United States, protest 259187–K (Tampa).

MOLLISON, Judge: The merchandise the subject of this protest consists of bamboo blinds and blind material shipped to the United States from the island of Guam. The merchandise was not originally a product of Guam, but had been actually imported into that island from Japan.

Prior to the effective date of the Customs Simplification Act of 1954, duties were not assessed upon such merchandise arriving in the United States from Guam, on the theory that Guam was not a "foreign country," within the meaning of that term as used in section 1 of the Tariff Act of 1930 imposing duty upon imported merchandise. See, in this connection, section 7.8 of the customs regulations, as in effect prior to the amendment thereof to conform to the changes in the law made by the Customs Simplification Act of 1954, and citations therein made.

Section 401 of the Customs Simplification Act of 1954 (68 Stat. 1136) amended section 301 of the Tariff Act of 1930 and provided for duty status of importations from the insular possessions of the United States at the same rates as importations from foreign countries, with certain exceptions not applicable to the present merchandise. The act provided that that provision should be effective on and after the 30th day following the date of its enactment. The act was approved September 1, 1954.

Although the invoice and a certification of the chief customs officer of Guam are dated September 14, 1954, it appears from the entry that the merchandise did not leave Guam until October 14, 1954, and did not arrive in the continental United

States until November 15, 1954, the two latter dates being after the effective date of the customs simplification act provision.

Duties were assessed upon the merchandise by the collector of customs under authority of section 301 of the Tariff Act of 1930, as amended by the said Customs Simplification Act of 1954, at the appropriate rates according to the classification schedules of the Tariff Act of 1930 applicable to such merchandise.

The protest claim is for entry free of duty, apparently on the ground that, because a certain new form prescribed for use in connection with importations from Guam by the amendment of section 7.8 of the Customs Regulations to conform to the changes in the law made by the customs simplification act (89 Treas. Dec. 273, T. D. 53617) was not printed and available for distribution until 90 days from September 30, 1954, or after the instant merchandise had arrived in the United States, the plaintiff was unable to comply with the amended law. It is claimed that the form was necessary to implement the administration of the amended law and that, by failure of the administrative officers to have such forms ready, it was impossible to comply with the provisions of the law as enacted.

Plaintiffs, in this case, were not represented by counsel. Perhaps for that reason, the record as to facts is very meager, and no briefs were filed on behalf of either party.

We are of the opinion, however, that the claim is untenable. Although plaintiffs apparently believe that section 301 of the Tariff Act of 1930, *as amended by the Customs Simplification Act of 1954*, continued the theretofore-enjoyed exemption from duty on importation into the United States of merchandise which had previously been imported into Guam, the actual fact is that the merchandise involved in this case was not of the class or kind as to which the customs simplification act amendment granted an exemption from the imposition of duty. It was a class or kind which had previously enjoyed exemption from duty, *which exemption was not carried over into the new law.* It was, according to the record, merchandise which had been imported into Guam from Japan. Under the provisions of section 301, as amended, *supra*, such merchandise was not accorded exemption from the payment of duties. Consequently, the existence or nonexistence of the form referred to could not have aided the plaintiffs in securing free entry.

The protest claim is, therefore, overruled, and judgment will issue accordingly.